# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JA'MARIE JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-CV-91-CLC-MJD |
| HAMILTON COUNTY SHERIFF, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On April 30, 2025, this Court entered an Order providing the pro se prisoner Plaintiff through May 14, 2025, to submit an amended complaint [Doc. 11]. This Order extended Plaintiff's original deadline within which to submit an amended complaint, which expired on April 18, 2025 [*See* Doc. 9]. Plaintiff's extended deadline has now expired, and Plaintiff has not filed his amended complaint or otherwise communicated with the Court.

Under Rule 41(b), the Court may dismiss an action where a plaintiff fails "to prosecute or to comply with these rules or a court order[.]" *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the court"). Rule 41(b) "is available to the district court as a tool to effect management of its docket and" to avoid "unnecessary burdens on the tax-supported courts[.]" *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotation marks omitted). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Applying these rules requires the Court to dismiss this action. Plaintiff's initial complaint failed to state a claim, and he has chosen not to comply with the Court's Order permitting him to file an amended complaint, even after the Court granted him an extension within which to do so. Further, the Court's prior orders expressly warned Plaintiff that failure to timely submit an amended complaint would result in the dismissal of this action for failure to state a claim and comply with an order of the Court [Doc. 9 p. 8 ¶ 6; Doc. 11 p. 2]. Therefore, unless this action is dismissed, it would languish on the Court's docket.

"[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's orders. Accordingly, the Court will **DISMISS** this action without prejudice for failure to state a claim upon which relief may be granted and for failure to prosecute and comply with an order of the Court. *See Rodriguez*, 62 F.4th at 277.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Therefore, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**